# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DOBRICA POPIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 4079 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| VOLVO GROUP NORTH AMERICA, INC. | ) | |
| d/b/a VOLVO TRUCKS NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Volvo Group North America ("Volvo") moved to strike portions of Plaintiff Dobrica Popic's ("Popic's") Complaint, for a more definite statement of Count I, and to dismiss Counts II and III. For the following reasons, the motion for a more definite statement is granted, the motion to strike is granted in part and denied in part, and the motion to dismiss is granted.

### I. Background

Popic seeks relief for an allegedly defective Volvo truck he purchased from Defendant Volvo Trucks North America, Inc. in March, 2007. Volvo maintains that its only obligation is to repair and replace parts.

### II. Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, the court must take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[D]etailed factual allegations" are not required, but Popic must provide Volvo with notice of the grounds of his

claim to relief by going beyond a mere recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Popic's claim for relief must be "plausible on its face," *id.*, which occurs when there are enough facts that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In addition, Rule 12(e) enables a defendant to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion must identify the "defects complained of and the details desired." *Id.*

Lastly, under Rule 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

### III. Analysis

Popic does not oppose Volvo's motion for a more definite statement of Count I, so that motion is granted. Popic did not oppose Volvo's motion to strike portions of the Complaint requesting consequential damages, lost profits, and attorney's fees either, but did object regarding incidental damages. Motions to strike, while generally disfavored because of their tendency to cause delay, sometimes can expedite cases. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (acknowledging the general rule but noting that when "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay."). Since Popic acknowledges that some of the damages claims are not proper, striking them will remove "clutter" and the court therefore grants the motion to strike as to the prayers for relief for consequential damages, lost profits, and attorney's fees.

The issues remaining are the motions to strike Popic's claims for incidental damages and Volvo's motion to dismiss Popic's Counts II and III.[1] Regarding its motion to strike, Volvo argues that Popic has "failed to plead sufficient facts to support his conclusory allegation that the limited remedy of repair or replacement of defective parts failed of its essential purpose." In support, Volvo cites Fed. R. Civ. P. 8(a)(2), *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and claims that Popic has failed "to elaborate in any way on how or why" the limited remedies failed their essential purpose, leaving Volvo without notice of the basis for Popic's claim.

In his complaint, Popic complained of "severe" negative effects on the Volvo truck caused by "various defects." (Compl. ¶ 9.) He alleges that he brought the truck in for service at least 75 times as of September 2009. (Compl. ¶ 10.) Popic summarized the issues addressed by various visits to Volvo for servicing by citing to twenty-four invoices. Each invoice pointed to at least one, but usually more, problems with the truck. (Compl. ¶ 11.) Popic alleges that Volvo had ample opportunities to place the vehicle in a non-defective, merchantable condition, but did not, and that as a result of all the repairs the truck had been out of service for 250 days. (Compl. ¶¶ 14-16.) Therefore, Popic claims that "the limited remedy of repair and/or adjustment of defective parts failed of its essential purpose pursuant to Illinois Commercial Code, 810 ILCS 5/2-719(2)." (Compl. ¶ 27.)

The general idea of Volvo's warranty is that if Popic finds a defect in the truck, he can notify Volvo, and Volvo shall repair the defect or replace the affected parts (provided the warranty covers the parts in question). If a warranty of this type operates as intended, "[w]ithin a

---

[1] Volvo makes several arguments that are more appropriate for summary judgment. (*See* Volvo's Reply at 3-4.)

reasonable period of time and after a reasonable number of failures, the steady-state performance should be reached whereby the product performs as specified." *AES Tech. Sys., Inc. v. Coherent Radiation*, 583 F.2d 933, 939 (7th Cir. 1978). If, however, the seller repeatedly attempts to place a product into warranted condition and fails to do so, "the remedy of repair or replacement may be deemed to have failed of its essential purpose and other remedies under the U.C.C. may be called into play." *Id.* A seller does not have unlimited time to complete its obligation to repair and replace parts. *Id.* at 939-40 (citing *Riley v. Ford Motor Co.*, 442 F.2d 670 (5th Cir. 1971)).

In this case, then, it is clear that Popic has alleged sufficient facts to put Volvo on notice of his claims. Popic alleged 75 service visits over two and a half years of owning the truck and continuing problems with the truck since he purchased it in March of 2007. He claims the truck is not in good repair or merchantable condition. These facts put Volvo on notice of his claim that the warranty has failed of its essential purpose because they can support an inference that either (1) the truck has not been repaired within a reasonable period of time so as to place the truck into the warranted condition, or (2) there have been an unreasonable number of failures.

Volvo also claims that its repairmen could not always verify the complained of issue, and that when they could, they usually repaired the defect for free. Therefore, argues Volvo, "Plaintiffs allegations contradict his own claim[.]" (Volvo's Reply to Pl.'s Resp. to Volvo's Mots. to Dismiss, Strike, and For More Definite Statement at 2.) At best, however, these arguments establish only that Volvo complied with the warranty terms some of the time. Moreover, on a motion to dismiss all reasonable inferences must be drawn in favor of the plaintiff. *Walls*, 559 F.3d at 756. While one inference is "there is nothing wrong with the

truck," another is "Volvo has repeatedly failed to diagnose and repair the problems that exist." The court must assume as true Popic's version of the facts.

Regarding Volvo's motion to dismiss Counts II and III, Volvo argues that Counts II and III, which allege breaches of implied warranties of merchantability and fitness for a particular purpose, must be dismissed because those implied warranties are effectively disclaimed by the express warranties. Although Popic concedes that he should have attached the warranty documents to his complaint, he appears to contest the authenticity of the warranty documents Volvo has submitted. In any event, Popic filed the truck and engine warranties he received in response to a court order, (*see* Doc. 20), requesting the same. The following language appears in bold capitalized print set off from the surrounding text by a box on the first page of the truck warranty that Popic submitted: "This warranty is expressly in lieu of all other warranties and representations or conditions, statutory or otherwise, express or implied including, but not limited to, implied warranty of merchantability or fitness for a particular purpose." (*See* Doc. 21-1.) This same language appears in bold capitalized print set off from the surrounding text in a box on the back of the engine warranty Popic submitted. (*See id.*)

Illinois has "largely adopted the Uniform Commercial Code ("UCC"), which governs contracts for the sale of goods over [$500]." *Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999). The UCC "permits parties to exclude implied warranties at the time of sale when certain conditions are met." *Great W. Cas. Co. v. Volvo Trucks N. Am., Inc.*, No. 08 C 2872, 2009 U.S. Dist. LEXIS 11110, at *6-7 (N.D. Ill. February 13, 2009). Accordingly, Illinois law provides, "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a

writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." 810 Ill. Comp. Stat. 5/2-316(2).

"'Conspicuous' . . . means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." 810 Ill. Comp. Stat. 5/1-201(10). "Whether a term is 'conspicuous' or not is a decision for the court." 810 Ill. Comp. Stat. 5/1-201(10). A writing is conspicuous when it is "language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language." 810 Ill. Comp. Stat. 5/1-201(10)(B).

Since the language in the truck and engine warranties Popic provided appears in bold capitalized print that is set off from the surrounding text in boxes, it is conspicuous. In addition, the language mentions implied warranties of merchantability and fitness for a particular purpose. Accordingly, the truck and engine warranties effectively disclaimed any implied warranties of merchantability and fitness for a particular purpose. *See Great W. Cas. Co.*, 2009 U.S. Dist. LEXIS 11110, at *8-11 (finding that identical language was conspicuous and holding that it effectively disclaimed implied warranties of merchantability and fitness for a particular purpose.); *see also Napoleon Express, Inc. v. Volvo Trucks N. Am., Inc.*, No. 08 C 390, 2008 U.S. Dist. LEXIS 54627, at *1-6 (N.D. Ill. July 17, 2008) (same).

For these reasons, the motion to strike Popic's claims for incidental damages is denied and the motion to dismiss Counts II and III is granted.

### III. Conclusion

Given the above, Volvo's Motion for More Definite Statement of Count I is granted, Popic's request for leave to amend the Complaint is granted, Volvo's Motion to Strike is granted in part and denied in part, and Volvo's Motion to Dismiss Counts II and III is granted.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 11, 2011